UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

REGENCE BLUESHIELD, *et al.*,

Plaintiffs,

v.

BNY MELLON BANK, N.A.,

Defendant.

Case No. C09-0618RSL

ORDER GRANTING MOTION
TO DISMISS AND PERMITTING
PLAINTIFFS TO FILE MOTION
TO AMEND

## I. INTRODUCTION

This matter comes before the Court on a motion filed by defendant BNY Mellon Bank, N.A. ("Mellon" or "defendant") to dismiss plaintiffs' complaint. Defendant contends that there is no basis for injunctive relief, which is the only relief sought, because plaintiffs' claims concern economic damages. Defendant also denies breaching the parties' contract, and asserts that the claims of one of the plaintiffs are preempted by ERISA.

For the reasons set forth below, the Court grants the motion.[1]

## II. DISCUSSION

**A. Background Facts.**

Mellon has served as the custodial bank for seven of the plaintiffs since as early as 1996 pursuant to their respective custodial contracts. Mellon is the custodian for approximately $250 million of plaintiffs' collective assets. Plaintiffs have also agreed to participate in Mellon's securities lending program (the "Program") to offset the costs associated with having a custodial relationship with a bank. As part of the Program, Mellon loans plaintiffs' securities to creditworthy third parties, who are required to post collateral of not less than the value of the loaned securities (the "cash collateral"). As of April 30, 2009, Mellon had loaned plaintiffs' securities totaling approximately $195 million to third parties. The cash collateral is invested in a separate fund; the fund at issue in this case is the Mellon GSL DBT II Collateral Fund Series of the Mellon GSL Reinvestment Trust ("DBT II Fund"). Regence earns a return on the invested cash collateral.

During the recent economic credit crisis, one of the structured investment vehicles in the DBT II Fund, referred to as SIGMA, began to fail. Mellon created a new series of DBT II called the Mellon GSL Reinvestment Trust II (the "Sigma Liquidating Fund") and transferred all of the SIGMA notes held by DBT II into that series. To provide for some liquidity, Mellon divided the remaining assets of DBT II into two categories (1) "cash/overnight assets," which included cash and any assets having a maturity of one business day or less, and (2) the "terms assets," which included all remaining assets of

---

[1] Because the Court finds that this matter can be decided on the parties' memoranda, declarations, and exhibits, defendant's request for oral argument is denied.

ORDER GRANTING MOTION TO DISMISS AND
PERMITTING PLAINTIFFS TO FILE MOTION TO AMEND- 2

DBT II. The term assets were transferred in kind from DBT II to the newly created DBT II Liquidating Fund.

On October 1, 2008, Regence gave written notice to defendant to suspend its participation in the Program and sought the return of plaintiffs' securities. In response, defendant advised Regence that it had three options: (1) immediately withdraw its securities, which would result in realized losses and less than 100% return of the value of its securities, (2) take a *pro rata* share of the DBT II Fund (a "vertical slice") and pay for a proportionate share of the associated unrealized loss of the DBT II Fund, or (3) remain passively in the Program and over time reduce the amount of securities on loan until the markets normalized or all the securities had been returned. Plaintiffs chose to do nothing at the time. On November 19, 2008, Mellon advised Regence of its proportionate share of the collateral cash deficiency. On April 14, 2009, Regence sent a second notice to suspend plaintiffs' participation in the Program and demanded the return of its securities. The parties conducted a telephone call, then Mellon followed up with a written response that led plaintiffs to believe that Mellon would not be returning its securities and would instead liquidate a vertical slice of the collateral pool. Currently, the cash collateral Mellon holds for plaintiffs consists of (1) units of DBT II, (2) units in the Sigma Liquidating Fund, and (3) units in the DBT II Liquidating Fund.

Shortly after this case was removed to this Court, plaintiffs filed a motion for a temporary restraining order. The Court denied the motion after hearing oral argument on the matter.

Plaintiffs assert a breach of contract claim, alleging that defendant breached the parties' agreements in three ways: (1) failing to safeguard principal and maintain liquidity by failing to liquidate DBT II Fund's position in SIGMA before its collapse; (2)

ORDER GRANTING MOTION TO DISMISS AND
PERMITTING PLAINTIFFS TO FILE MOTION TO AMEND- 3

breaching its duty to exercise the proper degree of care, skill, prudence, and diligence; and (3) refusing to abide by the contractual terms relating to the termination of the contract, termination of existing loans, and return or replacement of plaintiffs' securities. Amended Complaint at ¶¶ 35, 36. Plaintiffs seek injunctive relief to (1) require defendant to terminate all existing loans of plaintiffs' securities to third party borrowers; (2) order defendant to return plaintiffs' securities; (3) restrain defendant from requiring that plaintiffs fund a collateral insufficiency; (4) restrain defendant from crediting to Regence the redemptions by the investment funds that result in illiquid or otherwise non-tradable lots of one or more securities; (5) restrain defendant from holding all cash collateral and related investments held in respect of loans of Regence's securities; and (6) restrain defendant from continuing to invest cash collateral on behalf of Regence. Id. at ¶ 37.

**B.    Analysis.**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).[2]

---

[2] Plaintiffs argue that the Court must deny defendant's motion unless "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Plaintiffs' Opposition at p. 2 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)) (emphasis added by plaintiffs). Reliance on *Conley v. Gibson's* "no set of facts" language, however, is inappropriate in the wake of the Supreme Court's recent explanation that it "is best forgotten as an incomplete, negative gloss on an accepted pleading standard." Twombly, 550 U.S. at 563. Instead of relying on the outdated quote, counsel should note the Supreme Court's *Iqbal/Twombly* language.

ORDER GRANTING MOTION TO DISMISS AND
PERMITTING PLAINTIFFS TO FILE MOTION TO AMEND- 4

1.  **Entitlement to Injunctive Relief.**

Defendant contends that plaintiffs' claims must be dismissed because they have requested an injunction, not damages, but their alleged injuries are purely economic. To obtain an injunction, plaintiffs must show a likelihood of "irreparable injury" in the absence of injunctive relief. See, e.g., Winter v. Natural Res. Def. Council, Inc., 129 S. Ct. 365, 374 (2008). Irreparable injury includes injuries that cannot be fairly compensated by monetary damages or other forms of relief available at law. Id.; eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006) (explaining that plaintiff must demonstrate . . . that remedies available at law, such as monetary damages, are inadequate to compensate for that [irreparable] injury"); Rent-a-Center v. Canyon Television & Appliance, 944 F.2d 597, 603 (9th Cir. 1991).

Plaintiffs contend that although their securities are loaned to third parties, they still own them, and defendant is preventing them from exercising ownership over their property. Plaintiffs argue that if they are forced to take a vertical slice of the collateral fund, defendant will take away the type of securities they own and replace them with another type. Plaintiffs' Opposition at p. 13 ("in giving a vertical slice of the fund, BNYM will give Regence Washington Mutual Stock when it previously owned Microsoft stock."). That argument, though vehemently made, is ultimately unavailing. Even if plaintiffs are the owners of their securities, their harm is solely economic: the potential loss of funds. Because defendant is willing to remit to plaintiffs a vertical slice of the collateral pool, plaintiffs would be free to liquidate those assets or hold them as they choose. Once the vertical slice is remitted, plaintiffs' losses are measurable and the responsibility for shouldering them can be adjudicated. Moreover, because plaintiffs would have unfettered use of the vertical slice, they could purchase whatever securities

they wanted, including the securities they claim to currently own, and exercise all rights of ownership. Plaintiffs' reference to the securities as property does not equate to a finding of irreparable harm. Rather, they will not suffer irreparable harm from the loss of fully fungible securities that can be purchased on the open market. The fungible nature of the assets distinguishes this case from those on which plaintiffs rely.[3]

Plaintiffs contend that their entitlement to injunctive relief should not be decided on a motion to dismiss before discovery has been conducted. However, they have not explained how discovery will reveal facts to support the harm that *they* allegedly suffered. If any such facts exist, they are in plaintiffs' possession. For those reasons, plaintiffs have failed to show irreparable harm, and their request for an injunction must be dismissed.

**2. Request to Amend.**

Defendant contends that plaintiffs' complaint must be dismissed because they have sought only injunctive relief, to which they are not entitled. In response to the motion, plaintiffs vaguely contend that if injunctive relief is denied, "then damages are clearly supported as an alternative remedy." Plaintiffs' Opposition at p. 14. The amended complaint, however, is devoid of any claim for damages. Because Federal Rule of Civil Procedure 8 requires that a complaint include "a demand for the relief sought," plaintiffs would have to amend their complaint to seek damages. They have not moved to do so. Accordingly, the Court will not consider plaintiffs' request to amend their complaint.

---

[3] Rosson v. Fitzgerald, 545 F.3d 764, 770 (9th Cir. 2008) (addressing control over a bankruptcy estate); Henry v. IAZ/Interactive Group, Case No. C05-1410 (W.D. Wash. Feb. 14, 2006) (granting injunction requiring employee to return her employer's documents and computers); Community for Creative Non-Violence v. Reid, 490 U.S. 730 (1989) (ordering return of sculpture to original artist).

ORDER GRANTING MOTION TO DISMISS AND
PERMITTING PLAINTIFFS TO FILE MOTION TO AMEND- 6

However, the Court will not enter judgment and will keep this case open for fourteen days following the entry of this order to permit plaintiffs to file a motion for leave to amend. If they fail to do so, the Court will enter judgment and close this case. If plaintiffs choose to file a motion to amend, they should address the cases denying leave to amend to add claims previously withheld for tactical reasons. See, e.g., Acri v. Int'l Assoc. of Machinists & Aerospace Workers, 781 F.2d 1393, 1398 (9th Cir. 1986) (explaining that "late amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action."); In re Beverly Hills Bancorp, 752 F.2d 1334, 1338 (9th Cir. 1984); Dussouy v. Gulf Coast Investment Corp., 660 F.2d 594, 599 (5th Cir. 1981).

### III. CONCLUSION

For all of the foregoing reasons, the Court GRANTS the motion to dismiss (Dkt. #29) and dismisses plaintiffs' claim for an injunction. The Clerk of the Court is instructed to keep this case open to permit plaintiffs to file a motion to amend their complaint.

DATED this 26th day of October, 2009.

Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION TO DISMISS AND
PERMITTING PLAINTIFFS TO FILE MOTION TO AMEND- 7