UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

REGENCE BLUESHIELD, *et al.*,

Plaintiffs,

v.

BNY MELLON BANK, N.A.,

Defendant.

Case No. C09-0618RSL

ORDER GRANTING
MOTION TO AMEND

## I. INTRODUCTION

This matter comes before the Court on plaintiffs' motion to file a second amended complaint. Now that the Court has dismissed plaintiffs' claim for injunctive relief, plaintiffs seek to amend their complaint to add a claim for damages and a claim under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq*. Defendant BNY Mellon Bank, N.A. ("Mellon" or "defendant") contends that the Court should deny the motion because plaintiffs delayed asserting a damages claim for purely tactical reasons, and because an amendment would result in prejudice.

ORDER GRANTING
MOTION TO AMEND - 1

For the reasons set forth below, the Court grants the motion to amend.[1]

## II. DISCUSSION

The background facts in this case are set forth in prior orders and will not be repeated here. Most recently, by order dated October 27, 2009, the Court granted defendant's motion to dismiss plaintiffs' claim for injunctive relief. (Dkt. #39). In their opposition to that motion, plaintiffs vaguely contended that if injunctive relief were denied, "then damages are clearly supported as an alternative remedy." Plaintiffs' Opposition to Motion to Dismiss at p. 14. The Court noted that the amended complaint was devoid of any claim for damages, and plaintiffs had not moved to amend their complaint to seek that relief. After the dismissal, plaintiffs moved to amend, and the issue is now ready for the Court's review. This order focuses on the proposed addition of a damages claim because defendant does not separately object to the addition of an ERISA claim.

As an initial matter, defendant contends that this Court's discretion to deny the proposed amendment is "'particularly broad' where, as here, the plaintiff has already amended its complaint." Opposition at p. 4. In the cases on which defendant relies, however, the courts had previously granted plaintiff leave to amend. <u>Chodos v. W. Publ'g Co.</u>, 292 F.3d 992, 1003 (9th Cir. 2002) (explaining that the discretion to deny a motion to amend is particularly broad where "a district court has already granted a plaintiff leave to amend"). In this case, however, plaintiffs previous amendment was as a matter of right. The applicable standard is, "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Court considers four factors in

---

[1] Because the Court finds that this matter can be decided on the parties' memoranda, declarations, and exhibits, plaintiffs' request for oral argument is denied.

ORDER GRANTING
MOTION TO AMEND - 2

deciding whether to grant leave to amend: "bad faith, undue delay, prejudice to the opposing party, and the futility of amendment." Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994).

Defendant contends that plaintiffs should not be permitted to add a claim for damages that they have previously withheld for tactical reasons. Plaintiffs counter that they did not request damages in the original or amended complaint "because Regence is entitled to injunctive relief, which is the only remedy that will make Regence whole." Plaintiffs' Opposition to Motion to Dismiss at p. 14. Even if an injunction was plaintiffs' preferred remedy, they could have asserted an alternate damages theory in their complaint or amended complaint. See, e.g., Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 508 (1959) ("Under the Federal Rules the same court may try both legal and equitable causes in the same action."). Plaintiffs have not learned any new facts that would justify the delay in asserting a damages claim. In fact, months before plaintiffs filed this motion to amend, they acknowledged the availability of damages by (1) filing a demand for a jury trial, which is only available in cases seeking damages, and (2) stating in their initial disclosures that "Plaintiffs calculate that their damages under the contracts at issue are approximately $8.3M USD, plus any amounts proven at the time of hearing or trial." Declaration of Lisa Manheim, (Dkt. #35), Ex. A. Because plaintiffs were aware of the damages theory and could have pleaded it earlier in the alternative, it appears that the only explanation for their failure to do so was the belief that withholding the claim strengthened their argument that only an injunction would afford adequate relief. The Ninth Circuit has explained that "late amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." Acri v. Int'l Assoc. of Machinists &

Aerospace Workers, 781 F.2d 1393, 1398 (9th Cir. 1986). The Court is reluctant to grant a request to amend when, for tactical reasons, plaintiffs chose to pursue a damages theory only after the Court rejected their more favorable injunction theory. See, e.g., In re Beverly Hills Bancorp, 752 F.2d 1334, 1338 (9th Cir. 1984) (citing Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 599 (5th Cir. 1981) (finding that amendment was not appropriate where plaintiff was aware of facts and asserted seriatim claims for tactical reasons)).

Although plaintiffs' tactical maneuvering weighs heavily against permitting the amendment, the Court notes that leave should be "freely given." Fed. R. Civ. P. 15(a). Moreover, plaintiffs did not move to amend simply to avoid a pending adjudication on the merits. Nor has defendant raised a futility argument. Rather, defendant contends that it will suffer prejudice if plaintiffs are permitted to amend the complaint. Its claim of prejudice is based on three assertions: (1) during the six months that this action has been pending, "both BNY Mellon and the Court have expended significant resources dealing with Regence's request for injunctive relief," (Opposition at p. 6); (2) "BNY Mellon has formulated its litigation strategy in this matter based on defeating a claim for injunctive relief," (id. at p. 7); and (3) had it known that plaintiffs would assert a damages claim, it would have sought formal or informal consolidation of its discovery efforts with a case pending against it in the Eastern District of Oklahoma.[2] Although defendant has focused its defense on defeating an injunction, the Court and the parties would have had to resolve plaintiffs' request for injunctive relief regardless of whether they also sought damages, so

---

[2] Although the Oklahoma case is styled as a class action, it appears to involve a different investment vehicle than the one at issue in this case. CompSource Okla. v. BNY Mellon, N.A., Case No. 08-469 (E.D. Okla. 2008).

ORDER GRANTING
MOTION TO AMEND - 4

that contention does not support a finding of prejudice. As for the second issue, defendant has ample time to adjust its litigation strategy: when plaintiffs moved to amend, the case had been pending for only six months and the parties have not yet conducted discovery or filed motions directed to the merits of the case. Cf. Sandcrest Outpatient Services, P.A. v. Cumberland County Hosp. Sys., Inc., 853 F.2d 1139, 1149 (4th Cir. 1988) (denying leave to amend where defendant's "various discovery motions and the joint motion for summary judgment were prepared within the context of a damage suit only;" the amendment was denied on the grounds of undue delay and futility). Moreover, because of plaintiffs' prior suggestions of a damages issue, defendant was not wholly surprised by the belated motion to amend. Because no discovery has occurred in this case, defendant may still seek "discovery consolidation, formal or informal, with the *CompSource* action." Defendant's Opposition at p. 8.

In sum, although the Court finds that plaintiffs unduly delayed pursuing a claim for damages, it will grant leave to amend because of the early stage of this case and the absence of evidence of futility or prejudice. However, plaintiffs are cautioned that any additional strategic behavior will not be well received and may result in the imposition of sanctions.

### III. CONCLUSION

For all of the foregoing reasons, the Court GRANTS plaintiffs' motion to amend the complaint (Dkt. #40). Plaintiffs must file their second amended complaint in the

docket within twenty days of the date of this order.

DATED this 5th day of January, 2010.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER GRANTING
MOTION TO AMEND - 6