The Honorable Robert S. Lasnik

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

REGENCE BLUESHIELD, ASURIS NORTHWEST HEALTH, COMMENCEMENT BAY LIFE INSURANCE CO., REGENCE BLUECROSS BLUESHIELD OF OREGON, REGENCE HEALTH MAINTENANCE OF OREGON, INC., REGENCE HMO OREGON, REGENCE LIFE AND HEALTH INSURANCE CO., REGENCE BLUESHIELD OF IDAHO, THE REGENCE GROUP DEFINED PENSION PLAN TRUST, REGENCE BLUECROSS BLUESHIELD OF UTAH, and HEALTHWISE,

    Plaintiffs,

v.

BNY Mellon BANK, N.A.,

    Defendant.

Case No. 2:09-cv-0618-RSL

DECLARATION OF MIRIAM H. CHO IN SUPPORT OF PLAINTIFFS' MOTION TO SEAL

MIRIAM H. CHO declares as follows:

    1.    <u>Declarant</u>. I am an attorney at the law firm of Foster Pepper PLLC, attorneys for plaintiffs in the above-captioned matter. I have personal knowledge of the following facts and I am competent to testify to them.

    2.    <u>Attachments</u>. Attached to this declaration is a true and correct copy of the Protective Order signed by this Court on March 15, 2010 [Dkt. # 55].

    3.    Thus far, Defendant BNY Mellon Bank, N.A. ("BNY Mellon") has produced approximately two million pages in response to Plaintiffs' discovery requests. BNY Mellon

DECLARATION OF MIRIAM H. CHO IN SUPPORT OF
PLAINTIFFS' MOTION TO SEAL - 1
Case No. 2:09-cv-0618-RSL

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400   FAX (206) 447-9700

51063457.1

1 designated the <u>entire production</u> as confidential, including press releases, published articles, and
2 even thousands of completely blank pages.

3     I declare under penalty of perjury under the laws of the State of Washington that the
4 foregoing is true and correct.

5     Executed at Seattle, Washington, this 8th day of April, 2010.

_____
MIRIAM H. CHO

DECLARATION OF MIRIAM H. CHO IN SUPPORT OF
PLAINTIFFS' MOTION TO SEAL - 2
Case No. 2:09-cv-0618-RSL

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400   FAX (206) 447-9700

51063457.1

# EXHIBIT A

Case 2:09-cv-00618-RSL   Document 61   Filed 04/08/10   Page 4 of 15
Case 2:09-cv-00618-RSL   Document 55   Filed 03/15/2010   Page 1 of 12
Case 2:09-cv-00618-RSL   Document 54   Filed 03/12/2010   Page 1 of 12

The Honorable Robert S. Lasnik

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| REGENCE BLUESHIELD, ASURIS NORTHWEST HEALTH, COMMENCEMENT BAY LIFE INSURANCE CO., REGENCE BLUECROSS BLUESHIELD OF OREGON, REGENCE HEALTH MAINTENANCE OF OREGON, INC., REGENCE HMO OREGON, REGENCE LIFE AND HEALTH INSURANCE CO., REGENCE BLUESHIELD OF IDAHO, THE REGENCE GROUP DEFINED PENSION PLAN TRUST, REGENCE BLUECROSS BLUESHIELD OF UTAH, and HEALTHWISE, <br><br> *Plaintiffs*, <br><br> v. <br><br> BNY MELLON BANK, N.A., <br><br> *Defendant*. | Case No. 2:09-cv-00618-RSL <br><br> CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER |

09-CV-00618-WV

CONFIDENTIALITY AGREEMENT AND PROTECTIVE
ORDER -- Page 1 (Case No. 2:09-cv-00618-RSL)

Case 2:09-cv-00618-RSL   Document 61   Filed 04/08/10   Page 5 of 15

Case 2:09-cv-00618-RSL   Document 55   Filed 03/15/2010   Page 2 of 12
Case 2:09-cv-00618-RSL   Document 54   Filed 03/12/2010   Page 2 of 12

1  Pursuant to the Federal Rules of Civil Procedure and the Court's Local Rules, the
2  parties hereto submit the following [proposed] Confidentiality Agreement and Protective
3  Order. This Confidentiality Agreement and Protective Order governs the above-captioned
4  case, and any future case(s) consolidated with this case.
5  There is good cause for the order in this action because discovery will necessarily
6  entail, among other things confidential information regarding investment holdings, strategy,
7  and execution. The parties acknowledge that this Order does not confer blanket protections
8  on all disclosures or responses to discovery and that the protection it affords extends only to
9  the limited information or items that are entitled under the applicable legal principles to
10 treatment as confidential. The parties further acknowledge, as set forth in Paragraph 9
11 below, that this Stipulated Protective Order creates no entitlement to file confidential
12 information under seal; Civil Local Rule 5(g) sets forth the procedures that must be followed
13 and reflects the standards that will be applied when a party seeks permission from the Court
14 to file material under seal. Therefore, the parties stipulate as follows:
15 WHEREAS, the parties hereto desire a protective order for the purpose of protecting
16 the interests of each, respectively, in their own Confidential information, as those terms are
17 defined below, by controlling the access to and use of such Confidential information, while
18 allowing discovery of the same for the purpose of conducting this litigation and not for any
19 other purpose outside the scope of this litigation;
20 IT IS STIPULATED AND AGREED BY AND BETWEEN THE PARTIES
21 HERETO, through their respective counsel of record and subject to the approval of the Court,
22 without waiving any claims or defenses in the above-captioned action, and without
23 acknowledging the propriety of any claim by any party that any information produced during
24 the course of discovery in this action constitutes Confidential information, as that term are
25 defined below, that in order to preserve any claim by any party that information produced
26

CONFIDENTIALITY AGREEMENT AND PROTECTIVE
ORDER -- Page 2 (Case No. 2:09-cv-00618-RSL)

Case 2:09-cv-00618-RSL    Document 61    Filed 04/08/10    Page 6 of 15
Case 2:09-cv-00618-RSL    Document 55    Filed 03/15/2010    Page 3 of 12
Case 2:09-cv-00618-RSL    Document 54    Filed 03/12/2010    Page 3 of 12

during discovery constitutes Confidential Information, the following protective order (the "Order") shall govern discovery in this action.

1. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of materials, documents, items, or oral or written communications that qualify as Confidential so that other portions of the materials, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited except with all parties' written consent. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or slow the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

2. For the purposes of this Order, "Confidential" information shall include all non-public information or matter related to: financial or business plans or projections; acquisition offers or expressions of interest; proposed strategic transactions or other business combinations; compensation plans; proprietary technical information and specifications; current or future business and marketing information, plans, and strategies; studies or analyses by internal or outside experts; customer information, data or lists; confidential financial data or results; tax data; confidential information regarding assets and liabilities;

Case 2:09-cv-00618-RSL   Document 61   Filed 04/08/10   Page 7 of 15

Case 2:09-cv-00618-RSL   Document 55   Filed 03/15/2010   Page 4 of 12
Case 2:09-cv-00618-RSL   Document 54   Filed 03/12/2010   Page 4 of 12

valuation analyses; competitive analyses; confidential personnel information; personal financial information; or other commercially or personally sensitive or proprietary information. Notwithstanding the foregoing, Confidential information shall not mean information or documents produced or disclosed that are or become, without violating this Protective Order, and apart from production or disclosure in connection with this action, a matter of public record or publicly available by law or otherwise. A party may designate as "Confidential" any document or other material it believes, in good faith, is Confidential. Except as specified below, this designation must be made at the time such material is disclosed or produced.

3.   All Confidential material, along with the information contained in the material, shall be used solely for the purpose of this case, and no person receiving such material shall, directly or indirectly, use, transfer, disclose, or communicate in any way the documents or their contents to any person other than those specified in Paragraph 3.

4.   Disclosure of any Confidential material shall be limited to the following persons:

   a. the Court and its staff;

   b. Counsel to the parties to this case (outside counsel, of counsel, and in-house counsel, including contract attorneys, paralegals, secretarial staff, clerical and other regular or temporary employees), and consultants and vendors of such counsel (including trial consultants, jury consultants, and service vendors such as outside copying services, outside litigation support services, translation services, or graphics, design, or document handling services retained in connection with this case);

   c. Persons who counsel for the parties reasonably believe to have authored or received the material;

   d. Court reporters and videographers retained to record testimony;

   e. The parties;

CONFIDENTIALITY AGREEMENT AND PROTECTIVE
ORDER -- Page 4 (Case No. 2:09-cv-00618-RSL)

Case 2:09-cv-00618-RSL   Document 61   Filed 04/08/10   Page 8 of 15
Case 2:09-cv-00618-RSL   Document 55   Filed 03/15/2010   Page 5 of 12
Case 2:09-cv-00618-RSL   Document 54   Filed 03/12/2010   Page 5 of 12

    f.   Retained experts and expert consultants assisting counsel for the parties in this case, and only to the extent necessary for the expert or expert consultant to prepare a written opinion, to prepare to testify, or to assist counsel in the prosecution or defense of this Action;

    g.   A witness at a deposition or hearing, provided that the witness may not retain any Confidential document following the deposition or hearing unless the parties agree otherwise and the witness agrees to be bound by this Protective Order;

    h.   Mediators or other Alternative Dispute Resolution neutrals appointed by the Court or agreed to by the Parties, together with persons they employ who are reasonably required for the neutral(s) to perform their services.

5. Third parties producing material in the course of this case may also designate that material as "Confidential" subject to the same protections and constraints as the parties to the case. A copy of this Confidentiality Agreement and Protective Order shall be provided to the recipient of any subpoena served in connection with this case, or to counsel for any subpoena recipient.

6. Each person appropriately designated pursuant to Paragraph 4(f), 4(g), or 4(h) to receive Confidential material shall execute a copy of Exhibit A to this Confidentiality Agreement and Protective Order. Opposing counsel shall be notified at least 10 days prior to disclosure to any such person who is known to be an employee or agent of, or consultant to, any entity reasonably believed to be a competitor of the party whose designated documents are sought to be disclosed. Such notice shall provide a reasonable description of the person to whom disclosure is sought, sufficient to permit an objection to be made. If a party objects in writing to such disclosure within 10 days after receipt of notice, no disclosure shall be made until the party seeking disclosure obtains the approval of the Court or the objecting party.

CONFIDENTIALITY AGREEMENT AND PROTECTIVE
ORDER -- Page 5  (Case No. 2:09-cv-00618-RSL)

Case 2:09-cv-00618-RSL   Document 61   Filed 04/08/10   Page 9 of 15

Case 2:09-cv-00618-RSL   Document 55   Filed 03/15/2010   Page 6 of 12
Case 2:09-cv-00618-RSL   Document 54   Filed 03/12/2010   Page 6 of 12

7. Any deposition or portion of a deposition taken in this case that sets forth, describes or otherwise discloses Confidential information may itself be designated "Confidential" and thereby obtain the protections accorded other "Confidential" documents. Confidentiality designations for depositions shall be made either on the record or by written notice to all parties (and to counsel for the witness if the witness is not represented by counsel for a party) within 30 days of receipt of the transcript. Unless otherwise agreed, depositions shall be treated as "Confidential" during the 30-day period following receipt of the transcript.

8. Counsel for a deposition witness or counsel for any party shall have the right to exclude from a deposition any person (other than the deponent or the deponent's counsel) not authorized by this Confidentiality Agreement and Protective Order to receive documents or information designated as Confidential. This right of exclusion shall apply only during periods of examination or testimony directed or related to Confidential documents or information.

9. Any party who inadvertently fails to identify material as "Confidential" shall, within 14 days of discovery of its oversight, provide written notice of the error and substitute appropriately-designated material. Any party receiving material which lacked a designation as Confidential due to such an oversight shall make reasonable efforts to retrieve such documents from persons not entitled to receive those documents and, upon receipt of the substitute documents, shall return or destroy the improperly-designated documents.

10. Documents containing Confidential information shall not be filed with the Court unless it is reasonably necessary to do so for purposes of trial, motions (including without limitation, class certification or summary judgment) or other court matters. The filing Party shall take all reasonable steps to file any Confidential information under seal in compliance with Rule 26(c)(1)(g) and Local Rule 5(g). Specifically, if a party wishes to use

Case 2:09-cv-00618-RSL   Document 61   Filed 04/08/10   Page 10 of 15
Case 2:09-cv-00618-RSL   Document 55   Filed 03/15/2010   Page 7 of 12
Case 2:09-cv-00618-RSL   Document 54   Filed 03/12/2010   Page 7 of 12

Confidential information to support or oppose a motion or at trial, the following procedures shall apply:

(a) Counsel shall meet and confer before filing documents under seal. To the extent possible, counsel shall submit, along with any document filed under seal, a stipulation and proposed order reciting the reasons for sealing the document.

(b) If counsel cannot reach agreement, then a properly noted motion to seal must be filed contemporaneously with the sealed document pursuant to Local Rule 5(g)(5). If the party wishing to submit the material is not the party designating the material as Confidential, the party wishing to submit the material shall provide reasonable notice to the other party(ies), so that a motion to seal, if necessary, may be prepared and filed at the same time as the material is submitted under seal to the Court.

(c) Counsel shall use the Official Court Electronic Document Filing System ("CM/ECF") to present materials under seal; counsel shall not provide original sealed materials to chambers and shall not provide working copies to chambers unless the materials are voluminous and working copies would otherwise be required under Local Rule 10(e)(8).

(d) In association with any stipulation or motion to seal, the Parties shall bring to the Court's attention the requested disposition of the Confidential information in the event the stipulation or motion to seal is denied. For example, a Party may request that, in the event the stipulation or motion is denied, the documents containing Confidential information be deleted from the docket rather than merely unsealed, together with leave to file a new motion or other paper that does not rely on the Confidential information. Nothing in this Order or the above example shall be construed as an endorsement of any particular relief, nor shall it otherwise constrain the Court's authority with respect to the handling of Confidential information.

(e) If, through inadvertence or otherwise, Confidential information is filed with the Court without appropriate notice, the Party responsible for the disclosure shall

CONFIDENTIALITY AGREEMENT AND PROTECTIVE
ORDER -- Page 7 (Case No. 2:09-cv-00618-RSL)

Case 2:09-cv-00618-RSL   Document 61   Filed 04/08/10   Page 11 of 15
Case 2:09-cv-00618-RSL   Document 55   Filed 03/15/2010   Page 8 of 12
Case 2:09-cv-00618-RSL   Document 54   Filed 03/12/2010   Page 8 of 12

immediately bring all pertinent facts relating to such disclosure to the attention of counsel for all Parties and to the Court, without prejudice to other rights and remedies of any Party, and shall make every effort to prevent further disclosures.

11. Within one hundred twenty (120) days after the receipt of Confidential material, counsel for the party or parties receiving Confidential material may challenge the designation of all or any portion thereof by providing written notice to counsel for the party disclosing or producing the material. Within five (5) business days the producing party and the receiving party shall confer to see if they can agree as to whether the "Confidential" designation is appropriate. If they are unable to agree, the party or parties challenging the Confidential designation shall have thirty (30) days from the date when the "Confidential" designation was challenged to file a motion with the Court challenging the "Confidential" designation. All material designated as "Confidential" is entitled to the treatment accorded such material under the terms of this Confidentiality Agreement and Protective Order unless and until the parties agree in writing to the contrary, or a contrary determination is made by the Court.

12. Within 90 days of the termination of this case, including any appeals, each party shall destroy all material designated by the opposing party as "Confidential" and all copies of such material, as well as all documents containing statements or information obtained or copied from Confidential material. Notwithstanding the foregoing, counsel for the parties shall be entitled to retain a set of all documents filed with the Court, a copy of the transcript from each deposition taken in connection with this case, and all correspondence generated in connection with this case. Each party shall provide to all other parties a certification of compliance with the provisions of this Paragraph within three (3) business days after the expiration of the 90-day period. If any party believes the provisions of this Paragraph requiring the destruction of documents conflict with legal requirements imposed

CONFIDENTIALITY AGREEMENT AND PROTECTIVE
ORDER -- Page 8 (Case No. 2:09-cv-00618-RSL)

Case 2:09-cv-00618-RSL   Document 61   Filed 04/08/10   Page 12 of 15
Case 2:09-cv-00618-RSL   Document 55   Filed 03/15/2010   Page 9 of 12
Case 2:09-cv-00618-RSL   Document 54   Filed 03/12/2010   Page 9 of 12

1  on that party by a source of law other than this Order, that party shall timely raise the issue
2  with the Court, and may seek appropriate modification of this provision.

3    13.   Any party may apply to the Court for a modification of the Protective Order,
4  and nothing in this Protective Order shall be construed to prevent a party from seeking such
5  further provisions enhancing or limiting confidentiality as may be appropriate.

6    14.   Nothing in this Confidentiality Agreement and Protective Order shall be
7  interpreted to prohibit or prevent the party producing Confidential material from using or
8  discussing its own material, nor shall any such use be deemed a waiver of any protections
9  afforded by this Confidentiality Agreement and Protective Order.

10   15.   The parties have agreed to this Confidentiality Agreement and Protective
11 Order in order to facilitate discovery and the production of discoverable information and
12 material. Neither the entry of this Confidentiality Agreement and Protective Order nor the
13 designation or non-designation of any material as Confidential shall constitute evidence with
14 respect to any issue in this case. Moreover, no action taken in accordance with this
15 Confidentiality Agreement and Protective Order shall be construed as a waiver of any claim
16 or defense in the case, or of any position as to discoverability or admissibility of evidence.

17   16.   The protections and obligations imposed by this Confidentiality Agreement
18 and Protective Order shall survive the termination of this case, and this Court retains
19 jurisdiction after the termination of this case to interpret and, if necessary, enforce this
20 Confidentiality Agreement and Protective Order.

21     Dated this 15 of March, 2010.

                                  /s/ Robert S. Lasnik
                                  Robert S. Lasnik
                                  United States District Judge

CONFIDENTIALITY AGREEMENT AND PROTECTIVE
ORDER -- Page 9  (Case No. 2:09-cv-00618-RSL)

Case 2:09-cv-00618-RSL   Document 61   Filed 04/08/10   Page 13 of 15
Case 2:09-cv-00618-RSL   Document 55   Filed 03/15/2010   Page 10 of 12
Case 2:09-cv-00618-RSL   Document 54   Filed 03/12/2010   Page 10 of 12

1  DATED: March ___, 2010.

2  Damien J. Marshall  (FLA No. 0191332)          David J. Burman  (WSBA No. 1611)
   BOIES, SCHILLER & FLEXNER LLP                  PERKINS COIE LLP
3  401 East Las Olas Blvd., Suite 1200            1201 Third Avenue, Suite 4800
   Fort Lauderdale, Florida 33301-2211            Seattle, Washington 98101-3099
4  Telephone:    (954) 356-0011                   Telephone:    (206) 359-8426
   Facsimile:    (954) 356-0022                   Facsimile:    (206) 359-9426
5  E-mail:       dmarshall@bsfllp.com             E-mail:       dburman@perkinscoie.com

6  Kieran P. Ringgenberg (CA No. 208600)
7  BOIES, SCHILLER & FLEXNER LLP
   1999 Harrison Street; Suite 900
8  Oakland, CA 94612
   Telephone:    (510) 874-1013
9  Facsimile:    (510) 874-1460
   E-mail:       kringgenberg@bsfllp.com
10

11 By: _per email authorization 11 March 2010_
12     David J. Burman

   Attorneys for Defendant BNY Mellon Bank, N.A.
13

14 Bradley P. Thoreson (WSBA No. 18190)
   Jeremy R. Larson (WSBA 22125)
15 Miriam H. Cho. (WSBA 40238)
   FOSTER PEPPER PLLC
16 1111 Third Ave., Suite 3400
   Seattle, Washington 98101-3299
17 Telephone:    (206) 447-4400
   Facsimile:    (206) 447-9700
18

19 Attorneys for Plaintiffs Regence BlueShield,
   Asuris Northwest Health, Commencement Bay
20 Life Ins. Co., Regence BlueCross BlueShield of
   Oregon, Regence Health Maintenance Of
21 Oregon, Inc., Regence HMO Oregon, Regence
   Life And Health Insurance Co., Regence
22 BlueShield Of Idaho, The Regence Group
   Defined Pension Plan Trust, Regence
23 BlueCross BlueShield of Utah, and
24 Healthwise.

25 By: _____
26     Bradley P. Thorsen

CONFIDENTIALITY AGREEMENT AND PROTECTIVE
ORDER -- Page 10 (Case No. 2:09-cv-00618-RSL)

Case 2:09-cv-00618-RSL   Document 61   Filed 04/08/10   Page 14 of 15
Case 2:09-cv-00618-RSL   Document 55   Filed 03/15/2010   Page 11 of 12
Case 2:09-cv-00618-RSL   Document 54   Filed 03/12/2010   Page 11 of 12

**EXHIBIT A**

The Honorable Robert S. Lasnik

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| REGENCE BLUESHIELD, ASURIS NORTHWEST HEALTH, COMMENCEMENT BAY LIFE INSURANCE CO., REGENCE BLUECROSS BLUESHIELD OF OREGON, REGENCE HEALTH MAINTENANCE OF OREGON, INC., REGENCE HMO OREGON, REGENCE LIFE AND HEALTH INSURANCE CO., REGENCE BLUESHIELD OF IDAHO, THE REGENCE GROUP DEFINED PENSION PLAN TRUST, REGENCE BLUECROSS BLUESHIELD OF UTAH, and HEALTHWISE,<br><br>    *Plaintiffs*,<br><br>v.<br><br>BNY MELLON BANK, N.A.,<br><br>    *Defendant*. | Case No. 2:09-cv-00618-RSL<br><br>DECLARATION TO BE BOUND BY THE CONFIDENTIALITY AGREEMENT & PROTECTIVE ORDER |

DECLARATION TO BE BOUND BY
THE CONFIDENTIALITY AGREEMENT & PROTECTIVE
ORDER-- Page 1 (Case No. 2:09-cv-00618-RSL)

Case 2:09-cv-00618-RSL   Document 61   Filed 04/08/10   Page 15 of 15
Case 2:09-cv-00618-RSL   Document 55   Filed 03/15/2010   Page 12 of 12
Case 2:09-cv-00618-RSL   Document 54   Filed 03/12/2010   Page 12 of 12

# DECLARATION TO BE BOUND BY
# THE CONFIDENTIALITY AGREEMENT & PROTECTIVE ORDER

1. My name is _____. I reside at _____ in the City/County of _____ and State of _____. I am employed as (position) _____ by (name and address of employer) _____
_____.

2. I have read the Confidentiality Agreement and Protective Order that has been entered in the above-captioned case. I understand the provisions of the Agreement and Order, and agree to comply with and be bound by its provisions. I hereby agree to subject myself to the jurisdiction of the Court for purposes of enforcement of the terms and restrictions of the Agreement and Order. I agree that I shall not disclose "CONFIDENTIAL" material or information to persons other than those specifically authorized to have access to such material or information pursuant to the terms and restrictions of the Agreement and Order, and will not copy or use, except solely for the purposes of the above-captioned case, any information designated as "CONFIDENTIAL." I further agree that, upon termination of this action, I shall return all "CONFIDENTIAL" material or information provided to me, including all copies and excerpts thereof, pursuant to the terms of the Agreement and Order.

3. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: _____

_____
Signature

DECLARATION TO BE BOUND BY
THE CONFIDENTIALITY AGREEMENT & PROTECTIVE
ORDER-- Page 2 (Case No. 2:09-cv-00618-RSL)